PERTINENT PORTIONS

Please see pages 7-10 for liquidated damages & interest provision.

Please see pages 12-13 for attorneys fees and court costs provision.



SHEET METAL WORKERS

PENSION TRUST

OF

NORTHERN CALIFORNIA

AGREEMENT

AND

DECLARATION OF TRUST

JULY 1, 1993

SHEET METAL WORKERS PENSION TRUST
OF NORTHERN CALIFORNIA

## OUTLINE OF CONTENTS

| I. | INTRODUCTION | 1 |
|---|---|---|
| | A.  Name | 1 |
| | B.  Purpose | 1 |
| | C.  Benefits | 1 |
| | D.  Effective Date | 2 |
| | E.  Standards of Interpretation | 2 |

| II. | DEFINITIONS | 3 |
|---|---|---|
| | A.  Association | 3 |
| | B.  Contribution Agreement | 4 |
| | C.  Corporate Co-Trustee | 4 |
| | D.  Employer | 4 |
| | E.  Joint Board of Trustees | 6 |
| | F.  Participant & Beneficiary | 6 |
| | G.  Plan Year | 6 |
| | H.  Union | 6 |

| III. | OBLIGATIONS OF EMPLOYERS | 7 |
|---|---|---|
| | A.  Payment of Contributions | 7 |
| | B.  Due Date | 8 |
| | C.  Delinquent Contributions | 8 |
| | D.  Recordkeeping and Audits and/or Employer Compliance Tests | 10 |
| | E.  Collection Actions | 12 |
| | F.  Return of Contributions | 13 |

i

G.  Cooperation with Joint Board          14
H.  Limitation on Liability of Employers  14

IV.  FIDUCIARIES                          14

A.  General Rules                         14
B.  Fiduciary Standards                   15
C.  Allocation of Fiduciary Responsibilities  16
D.  Liability of Fiduciaries              16
E.  Compensation and Expenses             18
F.  Bonds and Insurance                   18

V.  APPOINTMENT AND PROCEDURES OF
    JOINT BOARD                           19

A.  Number of Trustees                    19
B.  Method of Appointment of
    Union Trustees                        20
C.  Method of Appointment of
    Employer Trustees                     20
D.  Alternates                            21
E.  Term of Office                        21
F.  Officers                              22
G.  Meetings                              22
H.  Quorum                                22
I.  Method of Voting                      22
J.  Deadlocks and Arbitration             23
K.  Establishment of Administrative Office  24
L.  Execution of Instruments              24

VI.  AUTHORITY OF JOINT BOARD             25

A.  General Authority                     25
B.  Establishment of Plan and
    Claim Procedures                      26
C.  Records and Reports                   26
D.  Miscellaneous Powers                  27
E.  Limitation on Liability               32

VII.  CORPORATE CO-TRUSTEE                34

A.  Appointment                           34
B.  General Powers                        34
C.  Directions from the Joint Board       35
D.  Records and Reports                   36
E.  Resignation or Removal                37

VIII.  FUNDING AND INVESTMENTS            38

A.  Funding and Investment Policies       38
B.  Funding Policy                        38
C.  Investment Decisions                  43
D.  Investment Standards                  44
E.  General Investment Powers             44
F.  Specific Investment Powers            45

IX.  AMENDMENT AND TERMINATION            48

A.  Amendments                            48
B.  Mandatory Amendments                  49
C.  Termination                           49

D. Transfer of Assets to Another Benefit Trust 50
E. Withdrawals by Individual Employers 50

X. MISCELLANEOUS 50

A. Employer-Employee Relationship Not Affected 50
B. Rights and Remedies Limited 51
C. Rights Not Transferable 51
D. Payments During Incapacity 52
E. Governing Law 52
F. Separability 52
G. Continued Contributions During Strike 53
H. Cooperation With Other Trusts 53
I. Number and Gender of Words 54

## SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA

### I. INTRODUCTION

A. Name. The official name of the Trust created hereby, which is generally referred to hereafter as the "Trust", is: SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA. It was originally established December 23, 1958.

B. Purpose. It is the purpose of this Trust to use and invest the contributions received by it for the exclusive purpose of providing benefits to Participants and their Beneficiaries and defraying reasonable expenses of administration. This purpose shall be accomplished in accordance with all applicable laws, including the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

The Trust shall be irrevocable (although it may be terminated as hereafter provided) and no part of its corpus or income shall ever revert to or inure to the benefit of any contributing employer except for the return of erroneous contributions as provided hereafter.

C. Benefits. The type of benefits which may be provided, which are referred to hereafter as the "benefits," are pension benefits and other benefits incidental thereto.

The specific benefits from time to time provided, and the eligibility requirements therefore, are set forth in one or more documents entitled "SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA" referred to hereafter as the "Plan". The Plan may include more than one set of benefits and eligibility rules to take account of different contribution rates or other pertinent factors. The Plan, as amended from time to time, is incorporated herein by reference and is a part of this Trust Agreement.

D. Effective Date. The Trust Agreement, which is restated in its entirety, is effective July 1, 1993.

E. Standards of Interpretation. This Trust Agreement and any Plan established thereunder are designed and intended to comply with ERISA as amended, and such construction shall be adopted as is consistent with the laws of the United States as they may, from time to time, be amended. The Trustees are vested with the power to interpret this Trust Agreement and any Plan established thereunder, and their interpretation, if not in conflict with the plain meaning of this Trust Agreement and any Plan established thereunder, and any applicable law or government regulation, shall be final and conclusive.

The Board of Trustees and any entity or person approved by the Board, shall have the full discretionary authority to determine eligibility for benefits and to construe the terms of the Trust and

any health care or vacation plan, and any regulations, policies or rules issued thereunder. If the Trustees determine or are advised that regulations, rulings, or court action may determine issues or disputes, the Trustees may defer action for a reasonable period of time in making a determination hereunder or until such time as they can determine what is proper determination of that issue.

## II. DEFINITIONS

Where the following words and phrases appear in this Trust Agreement, they shall have the meaning set forth in this article, unless the context clearly indicates otherwise. Other words and phrases with special meanings are defined where they first appear unless their meaning is apparent from the context.

A. "Association" means each of the following: SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, SAN FRANCISCO; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, GREATER OAKLAND AREA; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION REDWOOD EMPIRE CHAPTER; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, SAN MATEO CHAPTER; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION,

-2-

-3-

SACRAMENTO VALLEY CHAPTER; SHEET METAL AND AIR CONDITIONING CONTRACTORS NATIONAL ASSOCIATION, NORTHERN SAN JOAQUIN VALLEY CHAPTER; SANTA CLARA DISTRICT OF SMACNA and any successor to each of these entities. As a group, they are known as the "signatory associations".

B. "Contribution Agreement" means any collective bargaining agreement, subscription agreement or other written agreement entered into by the Union with any Employer or Employer Association, approved by the Joint Board which requires contributions into this Pension Trust, including any amendment, modification, or extension of such agreement.

C. "Corporate Co-Trustee" means any bank of trust company appointed by the Joint Board as provided below.

D. "Employer" means any business entity which is required by a collective bargaining agreement between the Union and an Association to make payments into this Trust. It also includes any of the following which agree to make contributions equivalent to those required of other Employers hereunder:

(1) The Union or any labor council or other labor organization with which it is affiliated if it elects to provide benefits hereunder for all of its regularly scheduled employees, provided however, that such

employees may be excluded who are members of a recognized collective bargaining unit and with whom pension coverage has been the subject of good faith bargaining with their collective bargaining representative.

(2) A qualified exempt Trust approved by the Trustees which provides for payment to this Trust when an employee is unemployed or underemployed and otherwise would lose his eligibility for benefits.

(3) Any other business entity which contributes to the Trust pursuant to a written agreement with the Union and with the approval of the Joint Board.

(4) Any governmental unit whose participation on behalf of its sheet metal workers is approved by the Joint Board.

(5) Any other business entity whose participation is required by a final judgment of any court of competent jurisdiction.

(6) This Pension Plan, the Sheet Metal Workers of Northern California Pension Plan or any Association which contributes to the Trust pursuant to a subscription agreement in such form as the Joint Board from time to time may require.

The Joint Board may condition its approval in such manner as it deems necessary to assure the financial integrity of the Trust and equity among

Employers and Participants; but failure of the Joint Board to grant such approval or agree on such conditions shall not be subject to arbitration. The Joint Board may also require any Employer to sign a subscription agreement acceptable to it before crediting the Employer's contributions or benefits attributable thereto.

E. "Joint Board of Trustees" means the group of individuals appointed to administer the Trust as provided below. As a group they are referred to as the "Joint Board". The individual members, including any alternates when acting in place of regular members, are referred to as "Trustees".

F. "Participant" means any person on whose behalf contributions have been properly payable to the Trust and who either (1) is currently eligible for benefits or (2) has contributions and/or employment credited to his account by the Trust to be used in determining his or his Beneficiaries' eligibility for benefits; also any other person who may qualify as such under ERISA. "Beneficiary" means any person designated in accordance with the Plan who is or may become entitled to benefits thereunder.

G. "Plan Year" means the fiscal year on which the records of the Plan and Trust are kept.

H. "Union" means Sheet Metal Workers International Association Local Union Nos. 104, 162 and 371 and any successors thereto. It shall also include any other labor organization affiliated with the Sheet Metal Workers International Association whose participation as a "Union" hereunder is approved by the Joint Board.

## III. OBLIGATIONS OF EMPLOYERS

A. Payment of Contributions. All Employer contributions required by a Contribution Agreement shall be payable on the Due Date specified in paragraph B below, and shall be payable at such place in the county where the Trust's principal place of business is located as the Joint Board may from time to time specify; payment elsewhere shall be permitted only with the Joint Board's prior written approval.

Payments shall be accompanied by complete reports on forms furnished or approved by the Trust so that the contributions can be allocated accurately. The Employer may be compelled by the Trust or its assignee, by way of subpoena, civil discovery or other legal proceeding, to prepare, submit and file with the Trust proper reports for any period for which the Employer has previously failed to file.

For any report period for which an Employer fails to file a report until the proper report is filed by the Employer and accepted by the Trust, the amount due from the Employer for the report period for which the Employer has failed to file, shall be deemed to be not less than the amount due pursuant to the most recent complete report filed

by the Employer covering an equivalent period of time.

B. Due Date. The Due Date for an Employer's contributions for a month shall be the Due Date specified in the underlying collective bargaining agreement; if the underlying collective bargaining agreement does not specify a Due Date, payments must be received by the 20th day of the month immediately following the month for which the contribution is made.

C. Delinquent Contributions. Any Employer shall be considered to be delinquent if it (1) fails to submit a contribution report form with the full contribution by the close of business on the Due Date, or (2) fails to submit contributions on behalf of all employees for whom contributions are required under its Contribution Agreement, or (3) fails to properly compute the contributions according to the applicable contribution formula. It is recognized and acknowledged that the regular and timely payment of Employer contributions is essential to the efficient and fair administration of the Trust and the maintenance of Plan benefits. If Employers do not make timely payments, the Trust loses the investment return it should have received, and incurs additional administrative expense in the form of letters, telephone calls, and other collection expenses. The Trust is also delayed or prevented from processing claims by employees for benefits under the Plan. The Trust's collection expenses, loss of return on investment, and inability to pay

benefits constitute damages arising from an Employer's default in making timely payments, and these damages cannot be allowed to deplete the contributions promptly paid by other Employers.

It would be extremely difficult and impractical to fix the actual expense and damage to the Trust resulting from any Employer's default, over and above attorney's fees for each Employer's default. Therefore, the amount of damages to the Trust resulting from any Employer's default, over and above attorney's fees, shall be presumed to be the sum of $20.00 per delinquency or ten per cent (10%) of the amount which is delinquent, whichever is greater. Such amount shall become due and payable to the Trust as liquidated damages, and not as a penalty, at the end of the month in which the delinquency occurs (unless the contribution has been received by then), but may be waived by the Joint Board pursuant to rules and regulations adopted by it. Furthermore, both the contribution and the liquidated damages attributable thereto shall bear interest at a rate to be determined from time to time by resolution of the Board and published to Contributing Employers beginning with the first day of the month following the Due Date.

The Joint Board may adopt special rules applicable in cases of multiple delinquencies by an Employer, including (without limitation) rules requiring one or more of the following:

(a) Advancing the due date to the 10th day of the month;

(b) Posting of a bond or other security against further delinquencies;

(c) Providing for liquidated damages and interest up to the highest rate permitted under Section 515 of ERISA instead of any lower rate which would otherwise be applicable hereunder.

D. Recordkeeping and Audits and/or Employer Compliance Tests. Each Employer shall maintain such time records, checks, check stubs, quarterly or other pertinent government returns, or such other records relating to employment for which contributions are payable hereunder, sufficient (1) to determine whether it has satisfied all obligations to the Trust and (2) to permit the Trust to comply with all applicable laws. These records shall be maintained within California for a period of not less than seven years following the end of the calendar year in which the employment occurs.  If an Employer fails to keep records adequate to determine its obligations, there shall be a rebuttable presumption, at the option of the Trust, that all sums paid to Participants by such Employer were wages for work for which contributions were payable to this Trust.

The Joint Board, or its authorized representatives, may require any Employer to submit to it any information relevant to the administration of the Trust, and each Employer specifically waives any privilege it may have with respect to such information. Upon notice in writing, an Employer must permit an authorized Trust representative to enter upon the premises of such Employer at a mutually agreeable time during regular business hours to examine and copy such records as may be necessary to determine whether the Employer is making full and prompt payment of all sums required to the Trust. Such examination may be undertaken pursuant to a routine payroll audit program and/or Employer compliance test program or on an individual basis.

The records to be made available to the Joint Board, or its representative, shall include, but not be limited to, time cards, payroll journals, payroll check registers, canceled payroll checks, copies of the Employer's federal, state and local payroll tax reports, and all other documents reflecting the hours and wages of employees (whether or not such documents are privileged).

In the event that an examination of the Employer's records reveals that full and prompt payment of all sums due is not being made, then such Employer shall reimburse the Trust, upon demand of the Joint Board, for the costs of said examination in addition to any other obligations it may have hereunder. The Joint Board shall have the authority, however, to waive all or part of such costs if the discrepancy is minor and not willful, or for other good cause shown.

-10-

-11-

E. _Collection Actions._ The Trust may institute legal proceedings to collect delinquent Employer contributions, contributions required by any applicable federal, state or other law or regulation, liquidated damages, interest, attorney's fees and other costs of collection, including collection agency fees. Such proceedings may be instituted in the name of the Trust or the Joint Board, or the claim may be assigned to a third person for collection. The county in which the particular Employer contribution is payable shall be a proper county in which to institute legal proceedings to collect all sums owing by an Employer.

The Employer shall reimburse the Trust, or its assignee, for all reasonable attorney's fees, audit and/or Employer compliance test fees, court costs, collection agency fees, and all other reasonable expenses of whatever nature incurred in connection with such suit or claim, including any and all appellate proceedings therein. It is recognized that the extent of legal services necessarily incurred in the collection of required Employer contributions may in certain cases have no relation to the fact that the amount of the delinquency is relatively small.

In the event an applicable collective bargaining agreement or Contribution Agreement contains provisions relating to collections that specify additional remedies, or obligate the delinquent Employer to greater amounts of liquidated damages, interest, attorney's fees or other items

than those set forth herein, the Joint Board, at its option, may pursue the additional remedies or impose the greater charges.

F. _Return of Contributions._ Employer contributions made to the Trust as a result of a mistake may not be returned to the Employer unless a refund request is submitted to the Trust within four years of the due date of the report form containing the erroneous contributions. If a contribution is made on behalf of a person for whom contributions are not required under the Employer's Contribution Agreement, the Trust may return the erroneous contribution, subject to the time limitation just set forth; provided, however, that the Trust shall have the option of retaining any contributions based upon which benefit eligibility has been provided. The Trust shall not be obligated to provide benefits dependent upon such erroneous contribution and may recover from the Employer any losses resulting from benefits paid as a result of the latter's error by assigning to the Employer any right of recovery against the recipient.

Pursuant to ERISA Section 403(c)(2)(A)(ii), Employer contributions made to the Trust as a result of mistake of fact or law may not be returned to the Employer more than six months after the Plan determines that the contribution was made by such a mistake.

-12-

-13-

AMENDMENT NUMBER THREE TO
SHEET METAL WORKERS PENSION TRUST
OF NORTHERN CALIFORNIA

In accordance with Article IX of the Trust Agreement, the undersigned Trustees hereby amend Article III-C of the Sheet Metal Workers Pension Trust of Northern California by deleting the last sentence of the first paragraph and adding the following as the third paragraph:

"The Joint Board may adopt special rules applicable in cases of multiple delinquencies by an Employer, including (without limitation) rules requiring one or more of the following:

a.   Advancing the due date to the 10th day of the month;

b.   Posting of a bond or other security against further delinquencies;

c.   Providing for liquidated damages and interest up to the highest rate permitted under Section 515 of ERISA instead of any lower rate which would otherwise be applicable hereunder."

This Amendment shall be effective on the first day of the month following its signature by all Trustees.

EMPLOYER TRUSTEES                    UNION TRUSTEES

_____ Date: 4-27-82  Wm. D. Maddox  Date: 4/27/8_

_____ Date: 4/5/82  Irvin T. Ellenberg  Date: 4-27-8_

_____ Date: 4/27/82  Nela Mast  Date: 4-27-8_

Eugene A. McClain Date: 4/27/82  Wm James Hill  Date:  "

_____ Date: 4/27/82  Robert Reile  Date: 4-27-8_

_____ Date: 4/27/82  Alfred J. Larsen  Date: 4-27-8_

_____ Date: 4/27/82  Howard L. Blum  Date: 4-27-8_

                                            4-27-8

_____ Date: _____  Ray C. White  Date: _____

AMENDMENT NUMBER THREE TO
SHEET METAL WORKERS HEALTH CARE TRUST
OF NORTHERN CALIFORNIA

In accordance with Article IX of the Trust Agreement,
the undersigned Trustees hereby amend Article III-C of the
Sheet Metal Workers Health Care Trust of Northern California
by deleting the last sentence of the first paragraph and
adding the following as the third paragraph:

"The Joint Board may adopt special rules applicable
in cases of multiple delinquencies by an Employer, including
(without limitation) rules requiring one or more of the
following:

        a.    Advancing the due date to the
10th day of the month;

        b.    Posting of a bond or other security
against further delinquencies;

        c.    Providing for liquidated damages
and interest up to the highest rate permitted
under Section 515 of ERISA instead of any lower
rate which would otherwise be applicable hereunder."

This Amendment shall be effective on the first day
of the month following its signature by all Trustees.

EMPLOYER TRUSTEES                    UNION TRUSTEES

_____ Date: 4/27/82    _____ Date: 4-27-82

_____ Date: 4/27/82    _____ Date: 4-27-82

_____ Date: 4/27/82    _____ Date: 4-27-82

_____ Date: 4/1/81     _____ Date: 4-27-82

_____ Date: _____    _____ Date: 4-27-82

_____ Date: 4-27-82    _____ Date: 4/27/82

_____ Date: _____    _____ Date: 4-27-82

SALTZMAN & JOHNSON
LAW CORPORATION
57 POST STREET, SUITE 804
SAN FRANCISCO, CA 94104
(415) 391-7900

WARREN H. SALTZMAN
RICHARD C. JOHNSON

February 15, 1983

Sheet Metal Workers Trust Funds
c/o C. W. Sweeney & Co.
50 Francisco Street
San Francisco, California  94133

Dear Trustees:

Enclosed are the new collection procedures approved
by the Ways and Means Committee at its meeting on February
5th.

Very truly yours,

Warren H. Saltzman

WES:slh
Enc.

cc:  All Trustees
     Edna Heath
     Michael Carroll

PROPOSED NEW COLLECTION PROCEDURES
FOR SHEET METAL TRUSTS

I.    COLLECTION SCHEDULE.    (Note:  Months are numbered beginning
with the month following the one in which hours are worked, e.g.
month no. 1 is the month in which the contributions were actually
payable.)

## Month No. 1

| | |
|---|---|
| 20th | Contributions become delinquent |
| Last Business Day of Month | Demand letter is sent from Plan Office with cc: to Union and Association reminding them of the importance of advising the Plan Office of any available mechanics liens. (Form 1) |

## Month No. 2

| | |
|---|---|
| 10th | A follow-up letter from the Plan Office (cc: Collection Attorney) advising that the account will be referred to the Collection Attorney if not completely current by 20th of the month, including the new payment due on that date. (Forms 2 and 2-LD (Liquidated Damages Only)) |
| As soon as possible following receipt of letters postmarked by the 20th (or earlier if available information indicates a serious collection problem) | Account to be referred to Collection Attorney. |
| Last Business Day of Month | Collection Attorney will send demand letter unless previously advised by the Plan Office that the account (including 10% liquidated damages) is competely current.  (Form 3) |

## Month No. 3

| | |
|---|---|
| By 20th of month | Collection Attorney to have instituted appropriate legal pro-ceedings unless he concludes delay to be in the Trust's best interest or he has not yet received the necessary contract documentation.  (See VI below.)  If delayed, the reasons shall |

## II.  LIQUIDATED DAMAGES.

1.  If only one month's delinquency is involved, liquidated damages are assessed if the contributions are not actually received before the last business day of the month in which the contributions are due.  If there is any other outstanding delinquency, they are assessed as of the delinquency date (the 20th).

2.  Unless the account is completely current before the last business day of Month 2 (including 10% liquidated damages), liquidated damages become 20% rather than 10%.

3.  If there is only a one month delinquency and if the principal sum is paid prior to referral to the Collection Attorney, waiver shall be granted by the Plan Office upon a written request setting forth a reasonable excuse; such waivers will be reported to the next meeting of the Ways and Means Committee for its information.  Requests shall be referred to the Ways and Means Committee only if the Plan Office believes there are special facts warranting consideration by the Committee or if a Trustee so requests and only if the waiver request is received before referral to the Collection Attorney.

## III.  INTEREST.

If legal proceedings are instituted, interest at 10% annually will be assessed from the delinquency date (the 20th of Month 1).

## IV.  AUDITS.

1.  The Collection Attorney shall have the authority to request an audit after the account is referred to him whenever he deems appropriate.

2.  Audits shall also be made upon request of Ways and Means Committee or upon written request of the Union and Management Trustees from area.

3.  Periodic or random audits shall be as from time to time established by the Ways and Means Committee.

## V.  NOTICE TO EMPLOYEES.

Employees shall be notified of delinquencies and their consequences by the end of the month in which the matter is referred to counsel.  (Form 4)  The notice will be sent to the Unions who will in turn decide in each case whether to distribute by posting at the employer's place of business, by personal delivery to the employees, or by mailing to the employees, or some combination thereof.  The Union will advise the Plan Office when and how notice was given.

## VI.  CONTRACT DOCUMENTATION.

Starting with July 1, 1983 contracts, Edna Heath's

## NOTICE OF DELINQUENT CONTRIBUTION
### AND REPORTING FORMS

EMPLOYER'S NAME, ADDRESS AND IDENTIFICATION NUMBER

AREA    CODE

Date _____

Gentlemen:

The records of these trust funds indicate that you have not filed Employer's Reports of Contribution for hours worked during the months indicated below. If you have already paid this contribution or if no hours were worked please read and complete Section B of this form. If hours were worked during that period, carefully read Section A, which sets forth the penalties for delinquent payment.

### SECTION A

| JAN. | FEB. | MAR. | APR. | MAY | JUN. | JUL. | AUG. | SEP. | OCT. | NOV. | DEC. | COMMENTS |
|------|------|------|------|-----|------|------|------|------|------|------|------|----------|
|      |      |      |      |     |      |      |      |      |      |      |      |          |

The timely filing of monthly reports is essential in order that the trust may provide the benefits due your employees. Reports are due not later than the 20th day of each month. Under the trust funds' rules Liquidated Damages of $20.00 or 10%, whichever is greater, are now due on the delinquent contributions. Furthermore, if this matter is referred to legal counsel, Liquidated Damages will increase to 20%.

If this notice is correct, send the overdue reports directly to the bank depository with your check for the contributions and 10% Liquidated Damages.

### SECTION B

If for any reason your account should not be considered delinquent, we ask that you report your status to this office so that we may clear your account. Please check one of the following boxes and return this notice to the trust fund.

☐ We are no longer in business. The last month of business was _____
                                                                        DATE

☐ Place this account on the inactive list. The last month we hired employees was _____

DRAFT
(Different color)

FINAL NOTICE OF DELINQUENT CONTRIBUTIONS

Date

Gentlemen:

This office has still not received your trust fund contributions for hours worked during the month of _____

Payments must be received by the bank depository no later than the 20th day of the month following the month the hours were worked. This is true not only for the month listed above, but also for your contribution which will be due in just a few days, on the 20th of this month.

## PENALTIES FOR DELINQUENT PAYMENT

The trust agreements of the Health Care and Pension Funds provide for the assessment of liquidated damages as follows:

If you pay the delinquent contribution before the trust funds refer the matter to their attorney:

10% Liquidated Damages

If you pay the contributions after the trust funds refer the matter to their attorney:

20% Liquidated Damages; also 10% interest, court costs and attorney fees if legal proceedings are instituted

If you have not already done so, please submit your contributions for the above month immediately, together with 10% liquidated damages. Your account will be turned over to the Trust Fund's attorney unless your account is completely current by the 20th day of this month. This means we must receive by then not only the contribution and liquidated damages for the delinquent month but also the contribution for last month's work which is due on the 20th of this month. If legal proceedings are necessary, interest, court costs and legal fees will also be demanded.

Very truly yours,

Trust Fund Office

*iness Address*
*rancisco, Suite 100*
Francisco, California

*Mailing Address*
P.O. Box 7961
San Francisco, CA 94120

Final Notice of Delinquent Liquidated Damages

Gentlemen:

At the end of last month you were advised that liquidated
damages had been assessed in connection with your contributions
for the work month of            .  Although you have now
transmitted your report and contribution for that month,
the liquidated damages have not been received.  Therefore,
please promptly send us your check in the amount of $
which represents 10% of the delinquency, together with a
copy of this letter.

Unless this amount is received by the 20th of this month,
the liquidated damage assessment increases to 20%, so that
the amount owing will double.  In addition, the Trust's
collection attorney will be asked to promptly enforce the
obligation;  and if legal proceedings are necessary,
interest, courts costs and legal fees will also be demanded.

When sending your check, please enclose a copy of this
letter.

Very truly yours,

Trust Fund Office

cc:  Area Trustees

LAW OFFICES OF

ERSKINE & TULLEY

A PROFESSIONAL CORPORATION

220 MARKET STREET

SAN FRANCISCO 94105

(415) 392-5431

DRAFT

Employer No.

Gentlemen:

We represent the Trustees of the Sheet Metal Workers of Northern Califor-
nia Trust Funds, and we are writing because the administrative office has
not received your monthly employer reports and contribution payments to
the Trusts for the months of

Under the terms of the Trusts, reports must be received promptly, and if
they are not, the account is listed as delinquent. The Trust cannot
determine what contributions are payable until reports containing the
information are received.

Under your contract with the Sheet Metal Workers Union and the terms of
the Trust Agreement, employers whose contributions are delinquent
must also pay liquidated damages. As you were previously advised,
liquidated damages increase to 20% when an account is referred to this
office. In addition, these agreements also require the employer to pay
10% interest, attorneys fees and court costs if legal action is necessary
to collect the delinquency.

Please forward your reports for the above months TO THIS OFFICE within
the next seven days. If contributions are due, please send your check
payable to the Sheet Metal Workers of Northern California Trust Funds
for contributions plus 20% liquidated damages TO THIS OFFICE within the
time indicated.

Please give this matter your immediate attention so as to avoid the
extra expense and inconvenience to you of legal action.

If you believe our information is inaccurate, or that we are unaware of
all the pertinent circumstances in this matter, please contact Ms.
Andrade in our office at once. Thank you for your cooperation.

Yours very truly,

Michael J. Carroll

JC/sz

HEALTH CARE PLAN / PENSION TRUST FUND

ne: 415/391-4440

Address:
ncisco, Suite 100
ncisco, California

Mailing Address
P.O. Box 7961
San Francisco, CA 9412

DRAFT NOTICE TO EMPLOYEES WHERE
NO REPORT SUBMITTED

Notice to Employees of _____

    This letter is to inform you that the above employer
has not reported hours to the trust funds for the months
of _____.

    If the delinquency continues, you may have no further
additions to your hour bank and your coverage will then
continue only so long as there are enough hours remaining
in your hour bank.

    If you have any questions concerning this matter,
please contact this office.

                        Yours very truly,

                        Trust Fund Office

## APPENDIX D

### SHEET METAL WORKERS OF NORTHERN CALIFORNIA PENSION TRUST FUND

These procedures apply to all fringe benefits billed under the Sheet Metal Workers of Northern California Pension Trust Fund heading.

* Contributions are due on the 10th of the month and are delinquent if postmarked later than the 20th of the month. In order to determine when contributions were mailed the Trust Fund Office must rely on postage cancellation stamps and not postage meter charges.

    Employer contribution reports bearing postage cancellation stamps on or after the 21st of the month are considered delinquent and assessed Liquidated Damages of 10% or $20 per fringe benefit whichever is greater for Health Care and Pension (for other benefits, 10% or $25 per benefit whichever is greater but not to exceed an aggregate of 10% or $100.00 whichever is greater).

* Employers who have not reported by the 20th of the month following the month in which contributions are due are referred to Collection Counsel. At that time Liquidated Damages are doubled. Interest is also charged at a rate determined from time to time by resolution of the Board of Trustees. The employer is responsible for any court costs and attorneys' fees if legal proceedings are instituted.

* Employers are notified twice before they are referred to Collection Counsel (once on the third of the month and again on the 10th of the month following the month in which contributions were due). This is done to enable the employer to pay his account and thereby avoid the increased charges.

* Once a matter is referred to collection counsel liquidated damages increase as of the date of referral to 20% of the total amount of any billing still due and owing as of that date.

* On the 10th of the month following the month in which contributions are due, but unpaid, in addition to referral to counsel, the Union will also be notified and will, in turn, notify the Employer by the 20th of the month that bargaining unit employees will be withdrawn in forty-eight hours from the date specified in the notice, unless payment is made. Employees shall also be withdrawn if an Employer signed to a payment plan is thirty (30) days late or when an Employer fails, within fourteen (14) days, to respond to an audit letter

AGREEMENT AND DECLARATION OF TRUST
AMENDMENT NUMBER THREE

SHEET METAL WORKERS PENSION PLAN
OF NORTHERN CALIFORNIA

The Agreement and Declaration of Trust for the Sheet Metal Workers
Pension Plan of Northern California is amended as set forth on the
following page:

Signed at:  San Ramon, California on June 2, 1998.

BOARD OF TRUSTEES, SHEET METAL WORKERS PENSION TRUST OF NORTHERN
CALIFORNIA.

UNION TRUSTEES                          EMPLOYER TRUSTEES

AMENDMENT NUMBER THREE

To The

AGREEMENT AND DECLARATION OF TRUST

SHEET METAL WORKERS PENSION TRUST

Recitals

WHEREAS, the Board of Trustees of the Sheet Metal Workers Pension Plan of Northern California desires to amend the Trust Agreement, dated July 1, 1993, to clarify the rules on assessment of liquidated damages and the due date for contributions (i.e., received vs. postmarked);

THEREFORE, the Board amends the Trust Agreement as follows:

Amendment

Effective as of January 1, 1998, the Board of Trustees amends the Agreement and Declaration of Trust as follows:

1. Article III, Section B is amended as follows:

The Due Date for an Employer's contributions for a month shall be the Due Date specified in the underlying collective bargaining agreement; if the underlying collective bargaining agreement does not specify a Due Date, payments must be postmarked by the 20th day of the month immediately following the month for which the contribution is made.

2. The third sentence of the second paragraph of Article III, Section C is restated as follows:

Such amount shall become due and payable to the Trust as liquidated damages, and not as a penalty, but may be waived by the Joint Board pursuant to rules and regulations adopted by it.